UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
MAR 13 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:17-cr-00100 PLC |
| ) | |
| HENRY R. RYCHLIK, JR., ) | |
| WILBUR-ELLIS COMPANY, ) | |
| COLLIN McATEE, and ) | |
| DIVERSIFIED INGREDIENTS, INC. ) | |
| ) | |
| Defendants. ) | |

**SUPERSEDING INFORMATION**

The United States Attorney charges that:

At all times material to this Information:

### The United States Food and Drug Administration

1. The United States Food and Drug Administration (FDA) was the agency of the United States government responsible for enforcing the provisions of the Federal Food, Drug, and Cosmetic Act (FDCA). The FDA's responsibilities included, among other things, regulating the distribution of food shipped, delivered, and received in interstate commerce, including articles offered for import into the United States.

### The Federal Food, Drug, and Cosmetic Act

2. Under the FDCA, the term "food" meant articles used for food or drink for man or other animals and articles used for components of any such article. Title 21, United States Code, Section 321(f).

3. Under the FDCA, the term "interstate commerce" meant commerce between separate States in the United States and commerce between any State of the United States and any place outside thereof. Title 21, United States Code, Section 321(b).

4. The FDCA prohibited the introduction or delivery for introduction in interstate commerce, or the causing of such delivery or introduction, of any food that was adulterated. The FDCA defined "adulterated food" to include: food in which any valuable constituent has been in whole or in part omitted, Title 21, United States Code, Section 342(b)(1); food in which any substance has been substituted wholly or in part therefor, Title 21, United States Code, Section 342(b)(2); and food to which any substance has been added or mixed so as to make it appear the food is better or of greater value than it is, Title 21, United States Code, Section 342 (b)(4). The FDCA prohibited the introduction or delivery for introduction in interstate commerce, or the causing of such delivery or introduction, of any food that was misbranded. The FDCA defined "misbranded food" to include: food whose labeling is false or misleading in any particular, Title 21, United States Code, Section 343(a)(1).

## General Allegations

5. Defendant WILBUR-ELLIS COMPANY ("WILBUR-ELLIS"), a California LLC with headquarters in San Francisco, California, was an international marketer and distributor of agricultural products, animal feed, and specialty chemicals and ingredients, among other products, and operated in the States of Texas and Washington and elsewhere.

6. The Feed Division of WILBUR-ELLIS marketed and distributed products and ingredients for use in the pet food industry including, but not limited to, animal proteins used in the manufacture of dog food and cat food.

7. WILBUR-ELLIS's Feed Division included a facility in Rosser, Texas that supplied multiple pet food companies and pet food manufacturers with animal protein products and ingredients including chicken, turkey, pork and fish protein products and ingredients. In turn, these pet food companies and manufacturers marketed, distributed and sold consumers, including

consumers in the Eastern District of Missouri, pet food products which included animal proteins supplied from the Rosser, Texas facility.

8. WILBUR-ELLIS sold ingredients for use in pet food products. Those sales included both direct sales by WILBUR-ELLIS to pet food companies and manufacturers, and sales by WILBUR-ELLIS conducted through one or more intermediaries, including brokers, distributors and traders, located in the Eastern District of Missouri and elsewhere. As such, the defendants committed offenses within the Eastern District of Missouri and also continued and completed offenses within the Eastern District of Missouri, that were begun in other Districts.

9. One and more interstate shipments of WILBUR-ELLIS products and ingredients that originated from the WILBUR-ELLIS facility in Rosser, Texas travelled through the Eastern District of Missouri. As such, the defendants committed offenses within the Eastern District of Missouri and also continued and completed offenses within the Eastern District of Missouri, that were begun in other Districts.

10. Defendant HENRY R. RYCHLIK, JR. ("RYCHLIK") was a WILBUR-ELLIS Feed Division employee with on-site responsibilities over the animal protein products supplied from the Rosser, Texas facility and held positions, titles and designations including Quality Assurance Officer, Quality Control Manager, and Quality Assurance Manager for the Rosser, Texas facility.

11. RYCHLIK was in charge of executing various blend formulations utilized at the Rosser, Texas facility for WILBUR-ELLIS animal protein products and ingredients.

12. Employees of WILBUR-ELLIS's Feed Division, acting within the course and scope of their corporate duties and employment:

   a. omitted, and caused to be omitted, in whole or in part, the raw material ingredient chicken meal from premium pet food products and ingredients, specifically chicken

meal and chicken meal (low ash), supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas;

  b. omitted, and caused to be omitted, in whole or in part, the raw material ingredient turkey meal from a premium pet food product and ingredient, specifically turkey meal, supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas;

  c. substituted, and caused to be substituted, in whole or in part, chicken by-product meal for premium pet food products and ingredients, such as chicken meal and turkey meal, supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas;

  d. substituted, and caused to be substituted, in whole or in part, a "B-Grade" poultry by-product meal (also referred to as chicken bone by-product meal) for premium pet food products and ingredients, such as chicken meal and turkey meal, supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas;

  e. substituted, and caused to be substituted, in whole or in part, turkey by-product meal for premium pet food products and ingredients, such as turkey meal, supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas;

  f. substituted, and caused to be substituted, in whole or in part, hydrolyzed poultry feathers (also referred to as feather meal) or hydrolyzed feather meal for premium pet food products and ingredients, such as chicken meal and turkey meal, supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas;

  g. mixed and blended, and caused to be mixed and blended, chicken by-product meal with one or more raw materials to make the products and ingredients supplied to pet food

companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas appear better and of greater value than the product was;

      h.    mixed and blended, and caused to be mixed and blended, turkey by-product meal with one or more raw materials to make the products and ingredients supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas appear better and of greater value than the product was;

      i.    mixed and blended, and caused to be mixed and blended, a "B-Grade" poultry by-product meal (also referred to as chicken bone by-product meal) with one or more raw materials to make the products and ingredients supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas appear better and of greater value than the product was; and

      j.    mixed and blended, and caused to be mixed and blended, hydrolyzed poultry feathers with one or more raw materials to make the products and ingredients supplied to pet food companies and manufacturers from WILBUR-ELLIS's facility in Rosser, Texas appear better and of greater value than the product was.

    13.    Defendant DIVERSIFIED INGREDIENTS, INC. ("DIVERSIFIED INGREDIENTS"), a Missouri corporation located in the Eastern District of Missouri, with headquarters in Ballwin, Missouri, was a commodities broker and distributor whose customers included a number of pet food companies and manufacturers.

    14.    Defendant COLLIN McATEE ("McATEE") was a DIVERSIFIED INGREDIENTS employee with responsibilities including, but not limited to, purchasing and arranging the transportation of food products and ingredients, such as chicken meal, chicken meal (low ash)

and turkey meal, that DIVERSIFIED INGREDIENTS brokered, sold and distributed to its customers.

15. DIVERSIFIED INGREDIENTS, and employees of DIVERSIFIED INGREDIENTS, acting within the course and scope of their corporate duties and employment, bought, brokered, sold and distributed adulterated and misbranded food products and ingredients from WILBUR-ELLIS's facility in Rosser, Texas.

16. Pet food companies and manufacturers received adulterated and misbranded food products and ingredients from WILBUR-ELLIS's facility in Rosser, Texas, by and through DIVERSIFIED INGREDIENTS, arising from transactions directly between WILBUR-ELLIS and DIVERSIFIED INGREDIENTS. Pet food companies and manufacturers also received adulterated and misbranded food products and ingredients from WILBUR-ELLIS's facility in Rosser, Texas, by and through DIVERSIFIED INGREDIENTS, arising from brokered transactions involving WILBUR-ELLIS, DIVERSIFIED INGREDIENTS and a third-party broker.

### Count 1
### (Introduction of Adulterated Food into Interstate Commerce)

17. On or about January 2, 2014, in the Eastern District of Missouri and elsewhere,

**WILBUR-ELLIS COMPANY, HENRY R. RYCHLIK, JR.,
DIVERSIFIED INGREDIENTS, INC., and COLLIN McATEE,**

the defendants herein, and others, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were adulterated, namely a shipment, with an approximate weight of 48,340 pounds, from Rosser, Texas, of an animal protein product and ingredient for pet food which was falsely labeled as "Chicken Meal," when in fact the product

6

and ingredient was not the premium pet food product and ingredient chicken meal but an adulterated mix and blend of hydrolyzed poultry feathers, poultry by-product meal and chicken by-product meal that omitted chicken meal.

In violation of Title 21, United States Code, Sections 331(a), 333(a)(1) and Title 18, United States Code, Section 2.

The United States Attorney further charges that:

### Count 2
### (Introduction of Misbranded Food into Interstate Commerce)

18.  On or about January 2, 2014, in the Eastern District of Missouri and elsewhere,

**WILBUR-ELLIS COMPANY, HENRY R. RYCHLIK, JR.,
DIVERSIFIED INGREDIENTS, INC., and COLLIN McATEE,**

the defendants herein, and others, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were misbranded, namely a shipment, with an approximate weight of 48,340 pounds, from Rosser, Texas, of an animal protein product and ingredient for pet food which was falsely labeled as "Chicken Meal," when in fact the product and ingredient was not the premium pet food product and ingredient chicken meal but an adulterated mix and blend of hydrolyzed poultry feathers, poultry by-product meal and chicken by-product meal that omitted chicken meal.

In violation of Title 21, United States Code, Sections 331(a), 333(a)(1) and Title 18, United States Code, Section 2.

The United States Attorney further charges that:

### Count 3
### (Introduction of Adulterated Food into Interstate Commerce)

19. On or about March 21, 2014, in the Eastern District of Missouri and elsewhere,

**WILBUR-ELLIS COMPANY, HENRY R. RYCHLIK, JR.,
DIVERSIFIED INGREDIENTS, INC., and COLLIN McATEE,**

the defendants herein, and others, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were adulterated, namely a shipment, with an approximate weight of 50,200 pounds, from Rosser, Texas, of an animal protein product and ingredient for pet food which was falsely labeled as "Turkey Meal," when in fact the product and ingredient was not the premium pet food product and ingredient turkey meal but an adulterated mix and blend of hydrolyzed poultry feathers, chicken bone by-product meal, chicken by-product meal and turkey by-product meal that omitted turkey meal.

In violation of Title 21, United States Code, Section 331(a), 333(a)(1) and Title 18, United States Code, Section 2.

The United States Attorney further charges that:

### Count 4
### (Introduction of Misbranded Food into Interstate Commerce)

20. On or about March 21, 2014, in the Eastern District of Missouri and elsewhere,

**WILBUR-ELLIS COMPANY, HENRY R. RYCHLIK, JR.,
DIVERSIFIED INGREDIENTS, INC., and COLLIN McATEE,**

the defendants herein, and others, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were misbranded, namely a shipment, with an approximate weight of 50,200 pounds, from Rosser, Texas, of an animal protein product and ingredient for pet food, which was falsely labeled as "Turkey Meal," when in fact the product

8

and ingredient was not the premium pet food product and ingredient turkey meal but an adulterated mix and blend of hydrolyzed poultry feathers, chicken bone by-product meal, chicken by-product meal and turkey by-product meal that omitted turkey meal.

In violation of Title 21, United States Code, Sections 331(a), 333(a)(1) and Title 18, United States Code, Section 2.

The United States Attorney further charges that:

### Count 5
### (Introduction of Adulterated Food into Interstate Commerce)

21. On or about March 21, 2014, in the Eastern District of Missouri and elsewhere,

**WILBUR-ELLIS COMPANY and HENRY R. RYCHLIK, JR.,**

the defendants herein, and others, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were adulterated, namely a shipment, with an approximate weight of 50,840 pounds, from Rosser, Texas, transported through the Eastern District of Missouri, of an animal protein product and ingredient for pet food which was falsely labeled as "Chicken Meal (Low Ash)," when in fact the product and ingredient was not the premium pet food product and ingredient chicken meal but an adulterated mix and blend of hydrolyzed poultry feathers and chicken by-product meal that omitted chicken meal.

In violation of Title 21, United States Code, Sections 331(a), 333(a)(1) and Title 18, United States Code, Section 2.

The United States Attorney further charges that:

### Count 6
### (Introduction of Misbranded Food into Interstate Commerce)

22. On or about March 21, 2014, in the Eastern District of Missouri and elsewhere,

**WILBUR-ELLIS COMPANY and HENRY R. RYCHLIK, JR.,**

the defendants herein, and others, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were misbranded, namely a shipment, with an approximate weight of 50,840 pounds, from Rosser, Texas, transported through the Eastern District of Missouri, of an animal protein product and ingredient for pet food which was falsely labeled as "Chicken Meal (Low Ash)," when in fact the product and ingredient was not the premium pet food product and ingredient chicken meal but an adulterated mix and blend of hydrolyzed poultry feathers and chicken by-product meal that omitted chicken meal.

In violation of Title 21, United States Code, Sections 331(a), 333(a)(1) and Title 18, United States Code, Section 2.

The United States Attorney further charges that:

### Count 7
### (Introduction of Adulterated Food into Interstate Commerce)

23. On or about April 4, 2014, in the Eastern District of Missouri and elsewhere,

**WILBUR-ELLIS COMPANY and HENRY R. RYCHLIK, JR.,**

the defendants herein, and others, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were adulterated, namely a shipment, with an approximate weight of 50,080 pounds, from Rosser, Texas, transported through the Eastern District of Missouri, of an animal protein product and ingredient for pet food which was falsely labeled as "Chicken Meal (Low Ash)," when in fact the product and ingredient was not the

premium pet food product and ingredient chicken meal but an adulterated mix and blend of hydrolyzed poultry feathers and chicken by-product meal that omitted chicken meal.

In violation of Title 21, United States Code, Sections 331(a), 333(a)(1) and Title 18, United States Code, Section 2.

The United States Attorney further charges that:

### Count 8
### (Introduction of Misbranded Food into Interstate Commerce)

24. On or about April 4, 2014, in the Eastern District of Missouri and elsewhere,

**WILBUR-ELLIS COMPANY and HENRY R. RYCHLIK, JR.,**

the defendants herein, and others, introduced, delivered for introduction, and caused the introduction and delivery for introduction into interstate commerce of food products, as the term food is defined in 21 U.S.C. Section 321(f), that were misbranded, namely a shipment, with an approximate weight of 50,080 pounds, from Rosser, Texas, transported through the Eastern District of Missouri, of an animal protein product and ingredient for pet food which was falsely labeled as "Chicken Meal (Low Ash)," when in fact the product and ingredient was not the premium pet food product and ingredient chicken meal but an adulterated mix and blend of hydrolyzed poultry feathers and chicken by-product meal that omitted chicken meal.

In violation of Title 21, United States Code, Section 331(a), 333(a)(1) and Title 18, United States Code, Section 2.

Respectfully submitted,

CARRIE A. COSTANTIN
Acting United States Attorney

_____
CHARLES S. BIRMINGHAM, #47134MO
Assistant United States Attorney